# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A. DRIES,

      Petitioner,

      v.

COMMONWEALTH OF
PENNSYLVANIA, et al.,

      Respondents.

CIVIL ACTION NO. 4:15-cv-00129

(BRANN, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

On January 20, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, James A. Dries, on January 14, 2015. (Doc. 1). At the time of filing, Dries was incarcerated at SCI Mercer, which is located in Mercer County, Pennsylvania.

## I.   STATEMENT OF THE CASE

On or about September 27, 2006, following a guilty plea, Dries was convicted in the Court of Common Pleas for Snyder County on one count each of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, corrupting the morals of a minor, and indecent assault. *Commonwealth v. Dries*, Docket No. CP-55-CR-000186-

2006 (Snyder County C.C.P.).[1] On or about January 16, 2007, Dries was sentenced to serve a term of 10 to 20 years in prison. *Id.* (Doc. 9-3). His conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on December 21, 2007. *Commonwealth v. Dries*, 945 A.2d 759 (Pa. Super. Ct. 2007) (table decision). (Doc. 9-2). He did not file a petition for allocatur with the Supreme Court of Pennsylvania.

Dries filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 14, 2015.[2] (Doc. 1). On April 1, 2015, the respondent filed his response to the petition. (Doc. 9). Dries has not filed a reply.

Dries subsequently filed a *pro se* PCRA petition in the state trial court on or about July 27, 2015, which was dismissed by the PCRA court on August 10, 2016. *Commonwealth v. Dries*, Docket No. CP-55-CR-000186-2006 (Snyder County C.C.P.). Dries did not appeal the dismissal of

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state and federal court records. *Montanez v. Walsh*, Civil Action No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

[2] The instant petition was received and docketed by the Court on January 20, 2015, but it appears to have been deposited in the prison mail system on January 14, 2015, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

his PCRA petition to the Superior Court of Pennsylvania.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, *id.* § 2244(d)(1), and the circumstances under which the limitation period may be tolled, *id.* § 2244(d)(2).

### A. Calculation of the Applicable Limitation Period

Under the AEDPA, a state prisoner generally must file any federal habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Where a prisoner does not pursue direct review of his conviction all the way to the Supreme Court of the United States, his conviction becomes final when the time for pursuing direct review in that Court, or at any level of state court, expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). Here, the Superior Court of Pennsylvania affirmed Dries's conviction and sentence

on December 21, 2007. Because Dries did not file a petition for allocatur in the Supreme Court of Pennsylvania, his conviction became final thirty-two days later on Tuesday, January 22, 2008. *See* Pa. R. App. P. 1113(a)(1) (permitting 30 days after entry of a Superior Court order to file a petition for allocatur); 1 Pa. Cons. Stat. § 1908 (providing that, whenever the last day of a time period falls on a Sunday or a legal holiday, it shall be omitted from the computation); Pa. R. App. P. 107 (incorporating § 1908 by reference).

Thus, absent any applicable tolling period, Dries had until January 22, 2009, to timely file his federal petition for a writ of habeas corpus. The instant petition was filed nearly six years later on January 14, 2015.

### B. Statutory Tolling

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In this case, however, Dries did not file a timely PCRA petition—he did not file his state PCRA petition until July 27, 2015, more than six years after the AEDPA limitations period had expired. Thus, the limitation period was not tolled, as "a state court petition . . . that is filed

following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled." *Danner v. Cameron*, 955 F. Supp. 2d 410, 416 (M.D. Pa. 2013) (brackets in original) (quoting *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)); *see also Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005); *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999).

Accordingly, the instant federal habeas petition is time-barred unless there are grounds for equitable tolling of the AEDPA statute of limitations.

## C. Equitable Tolling

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at 418.

On this point, Dries appears to contend that he is entitled to

equitable tolling due to ineffective assistance of counsel. In particular, he claims that his trial counsel was ineffective for advising him to accept a guilty plea that was conditioned upon a waiver of a right to appeal. In support of this claim, Dries has attached a fragment of state court order, containing the following language:

> In addition, all other charges will be nol-prossed provided that the Defendant does not file an appeal or a post-sentence motion in the time frame as provided for in the Pennsylvania Rules of Criminal Procedure.

(Doc. 1, at 16).

The respondents have submitted copies of relevant state court records, including a complete copy of the document from which this fragment is taken—the trial court's January 16, 2007, sentencing order. (Doc. 9-3). Read in complete context, the order imposes an aggregate sentence of 10 to 20 years imprisonment on one count each of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, corrupting the morals of a minor, and indecent assault, and it directs that the remainder of the 50 counts against Dries be nolle prossed. (*See id.*). The language regarding the filing of an appeal or a post-sentence motion cannot be reasonably construed as a waiver of appellate rights, but rather it is clearly concerned with the timing of the dismissal of the 45

other charges that were to be nolle prossed in exchange for Dries's guilty plea to the five counts for which he was sentenced. (*See id.*).

This is consistent with the terms of Dries's plea agreement, as summarized by the trial judge in his Rule 1925(a) opinion:

> On June 28, 2006, the Commonwealth filed a fifty (50) count Information against the Defendant charging him with ten (10) counts of involuntary deviate sexual intercourse with a victim under the age of 16, ten (10) counts of statutory sexual assault, ten (10) counts of aggravated indecent assault of a victim less than 16 years of age, ten (10) counts of corruption of minors, and ten (10) counts of indecent assault of a victim less than 16 years of age.
>
> On September 27, 2006, the Defendant plead[ed] guilty to one (1) count of each of the offenses. The terms of the plea agreement were that in exchange for the pleas[,] the sentences would run concurrent to one another, and that all remaining charges would be nol-prossed. . . .

(Doc. 9-1, at 16–17).

This is further underscored by the other state court record materials submitted by the respondents in support of their answer to the petition. These materials demonstrate that Dries did in fact file a post-sentence motion to modify his sentence, which was denied, (Doc. 9-4; Doc. 9-1, at 53), and he did in fact appeal his sentence to the Superior Court of Pennsylvania (Doc. 9-1, at 1–15 (appellant's brief); *id.* at 16–25 (trial

court's Rule 1925(a) opinion); Doc. 9-2 (appellate court's opinion)). Nowhere in these materials is there any reference to a waiver of appellate rights, nor any other extraordinary circumstance that stood in the way of the petitioner's timely filing of a federal habeas petition.

Moreover, even assuming that this aspect of the petitioner's guilty plea constitutes an extraordinary circumstance, Dries has failed to demonstrate that he pursued his rights diligently. *See Holland*, 560 U.S. at 645; *Pace*, 544 U.S. at 418. The record before this Court clearly demonstrates that after his direct appeal to the Superior Court of Pennsylvania was denied in December 2007, Dries waited more than seven years before filing the instant federal habeas petition. In the interim, he appears to have taken no action whatsoever to raise the federal claims articulated in his petition. "Under long-established principles, [a] petitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419; *see also Satterfield v. Johnson*, 434 F.3d 185,196 (3d Cir. 2006) (finding a delay of "nearly a year to initiate the process of petitioning for post-conviction relief" demonstrated a lack of reasonable diligence).

Accordingly, Dries has failed to demonstrate that he is entitled to any period of equitable tolling.

## III.   RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITH PREJUDICE** as untimely filed. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: December  15, 2016               ***s/ Joseph F. Saporito, Jr.***
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JAMES A. DRIES,

     Petitioner,

     v.

COMMONWEALTH OF
PENNSYLVANIA, et al.,

     Respondents.

CIVIL ACTION NO. 4:15-cv-00129

(BRANN, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the

foregoing Report and Recommendation dated December 15, 2016. Any

party may obtain a review of the Report and Recommendation pursuant to

Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion
> or matter described in 28 U.S.C. § 636(b)(1)(B) or making
> a recommendation for the disposition of a prisoner case
> or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall
> file with the clerk of court, and serve on the magistrate
> judge and all parties, written objections which shall
> specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made
> and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A
> judge shall make a de novo determination of those
> portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 15, 2016                     *s/ Joseph F. Saporito, Jr.*
                                              JOSEPH F. SAPORITO, JR.
                                              United States Magistrate Judge