## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. DRIES | : | No. 4:15-cv-00129 |
| | : | |
| Petitioner, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | |
| | : | |
| Respondents. | : | |

## ORDER

**January 17, 2017**

On December 15, 2016, United States Magistrate Judge Joseph F. Saporito, Jr., submitted a Report and Recommendation to this Court, wherein he recommended that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. ECF No. 14 at 9. Judge Saporito reasoned that such a disposition was appropriate because the applicable statute of limitations had expired absent any justification for equitable tolling and because the petitioner nevertheless had failed to diligently pursue his rights.

I agree and will adopt Judge Saporito's recommendation in full, adding the following supplemental justification, which springs from the clear text of the

contested portion of the cited state court order ("provided that the Defendant

does not file an appeal or a postsentence motion"):

- **A collateral attack brought in the federal system under 28 U.S.C. § 2254 is not "an appeal" or "a postsentence motion" brought in state court following the conclusion of a state prosecution.** See, e.g., United States v. Linder, 552 F.3d 391, 393 (4th Cir. 2009) ("Of course, a collateral attack is distinct from a direct appeal. Thus, under the plain language of the plea agreement, Linder did not waive his right to file a § 2255 motion. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994) ("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly. The government gets what it bargains for but nothing more.")). See also Stoufflet v. United States, 757 F.3d 1236, 1240 (11th Cir. 2014) ("Even though the clerk dockets a collateral attack by a federal prisoner on the same docket as the original prosecution and even though the same court of appeals that considered his direct appeal will also consider any appeal arising from his collateral attack, the collateral attack is distinct from the original prosecution that ended in a final judgment against the prisoner.").  In addition, contrast Pa. R. Crim. P. 720(B)(1)(a) ("Post-Sentence Procedures") with Pa. R. Crim. P. 901 & 902 ("Post-Conviction Collateral Proceedings"). Moreover, post-sentence motions, appeals, and collateral attacks have distinct statutes of limitations: 10-days after imposition of sentence for a post-sentence motion, Pa. R. Crim. P. 720(A)(1); 30 days after disposition of any post-sentence motions or 30 days after imposition of judgment if no post-sentence motions were filed for an appeal, Pa. R. Crim. P. 720(A)(2)–(3); and one year from the entry of final judgment for a collateral attack, Pa. R. Crim. P. 901(A). The federal regime mimics this final limitations period. 28 U.S.C.A. § 2244(d)(1).

"The law helps those who help themselves, generally aids the vigilant, but rarely the sleeping, and never the acquiescent." Hannan v. Dusch, 154 Va. 356, 379 (1930). **AND NOW, THEREFORE,** consistent with the foregoing reasoning as well as that contained within the accompanying Report and Recommendation, **IT IS HEREBY ORDERED** that:

1.    The Report and Recommendation of United States Magistrate Judge Joseph F. Saporito, Jr., ECF No. 14, is **ADOPTED IN FULL.**

2.    The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

3.    The Clerk of Court is directed to close this case.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge